This is the last case of the day. 4-14-0978. People v. Daniel Thaxton. Appearing for Appellant is Attorney James Majors. And for Appellee is Attorney Donna Polinsky. Is that how you pronounce your last name? Yeah. All right, thank you. Mr. Majors, you may proceed. May it please the Court, Counsel. I was just telling Counsel it's my intention to be brief. Just some basic facts. This is state appeal of two paragraphs of the defense's motion in limine barring evidence showing that this Birch Lane was a public highway, or publicly maintained, I'm sorry, and barring evidence of any prior bad acts of the defendant. That's the only two paragraphs that the state is appealing from. The defendant was charged in July of 14 with two felonies, one aggravated battery and driving on a revoked license with a prior. That's not a felony unless you have a prior. And to prove it, you have to show that it occurred on a highway. And I thought I might try to make this a little shorter than normal by jumping to the jury instruction that one might use in a prosecution for driving on a revoked or suspended license, and it's IPIA traffic or criminal 23.39. And it says at the bottom there the word quote highway close quote is defined in the vehicle code at 625 section 5-1-126, and it states briefly, the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public, et cetera, et cetera. So there's two elements there, publicly maintained and open to the public. Excuse me. At the preliminary hearing, which you've all been trial judges, so you know, these two felonies were at issue, the aggravated battery and this driving on a revoked license. Deputy Chappell testified to, among other things, that he talked to the road commissioner, the guy that's out there working on that this birch lane that all the fuss is about was publicly maintained, fitting into that statute I just read. Crystal Perry was a witness for the defense. She was an employee in the supervisor of assessments office. She didn't testify, I don't think, very convincingly, and she mainly testified about defendant's exhibit one, an aerial photograph, which says right on it, this is not a legal survey. After that, the county engineer, Tom Klassner, testified to the state that this birch lane was publicly maintained by Piazza Township and had been publicly maintained since 1966, which, excuse me, about 48 years ago. The defense closing argument at the preliminary hearing, very briefly, was, I think it's worth your time to listen to it if I can find it. Oh, here it is. This is the defense counsel. Now we've heard, now all we've heard so far, for whatever reason, somebody from somewhere in this county may be maintaining that roadway. It doesn't translate into becoming a public highway. I believe maintenance that may or may not have occurred to that, that's required, meaning we've got to go plow the municipal parking lot at X location. Sure, that becomes a public highway. So defense counsel is admitting that whether or not it's public maintained is a factor showing it's a highway, as defined in the statute. But he goes on to say the evidence we got from that last witness is extremely sketchy. So he's not challenging what I'm talking about. He's challenging the credibility of the witness. Nevertheless, the trial judge found probable cause to believe these felonies were committed, which means the judge found that it was a public highway, or that it was a highway, as defined. Later, the judge makes a contradictory ruling, just a blanket order, no explanation, saying, no, you can't. You can't introduce evidence of what is publicly maintained. And that's what we're complaining about. We're saying that makes no sense. One, you already found that it's a highway. Two, defense counsel has admitted that public maintenance is a factor. Three, the statute says publicly maintained. So we're asking this court to reverse the trial judge's finding that the state cannot put in evidence about this virtually being publicly maintained. The other issue, which is of less importance, is whether or not the state can introduce evidence of other bad acts. Well, the defendant allegedly spit blood onto an officer's shirt. And defense has filed a statement of the nature of the case, or some document similar to that, stating that they intend to use the defense of accident, that this may have occurred, but it's an accident. Well, there was a prior incident where the defendant spit on another officer, and I think his ex-wife testified he doesn't like cops, in so many words, and likes to spit on them. Should the defendant testify, the state wants to introduce evidence that this was an accident. The state wants to introduce evidence that it wasn't an accident. Now, their argument appears to be that this would confuse the jury, but in all these cases, as the court well knows, you give instruction 3.14 that informs the jury what the purpose of that evidence is. So in a nutshell, that's the state's argument. We're asking that the court reverse the trial court on those two paragraphs. All right. Thank you. Your Honor, counsel, may I please the court? With respect to the first argument as to whether Birch Lane is publicly maintained, highway is defined in Section 625 ILCS 5-1. It's the entire width between the boundary lines of every way publicly maintained when any part is open to the public. A private road, in contrast to that, is defined by Section 5-1-163. It says that a private road is every way or place in private ownership and used for vehicular travel by the owner and who they want, not the public use. There was no testimony that there were any public use of this road. In fact, I'll start with the public use portion of the two-prong test. The cases cited in the state's brief are cases where there was public use of roads. For instance, a parking lot owned by a business. Yes, it's a private piece of property or roadway because it is a parking lot, but it was open to the public for use of the business. One of the cases cited was a road that was used to go to a park, and there was testimony from a taxi driver who drove people from the train depot up to the park. There were several other cases cited by the state that were similar in the sense that there was testimony that it was a public road, that the public used it. There were witnesses that testified to that fact and witnesses that had been in the area and used that road. The only evidence here was that the engineer who testified, he's an engineer for Jersey County, testified that he believes that because of state tax records, the town of Piasaw maintained that. When, in fact, we believe they plowed it once. The entire time the defendant lived there. Saying something like that with no other evidence would be like if the postman delivers mail to him. Does that make it a public road? That's a state agency, a federal agency. So if the mailman is coming down the road, I guess that means that it's a public road. If UPS comes down to deliver a package, it's a public road. The difference is that's not true because those people are invited by, they're impliedly invited to deliver the mail, to deliver the UPS package, things like that. This road in question is not used by anybody but the owners. The witness for the defense that testified works for the state of Illinois Department of Transportation. Now that was not a legal copy, what she provided. It was a certified copy of the plats or of what their aerial views that they take of property. They mark on these properties. If it is a state-owned road, the road's right here, the property comes up to here, there is a line at the end of the property before you get to the road because that road is a public road. If the line goes across the road, that means it's part of the owner's property, which is the case here. With respect to the argument that the court admitted this is a public road, the court did not admit this is a public road. The court found that there was probable cause to hold the defendant over for trial. Was this the same judge that ruled on the motion in Lemonade? Yes. Okay. And during the motion in Lemonade hearing, did the trial court reference testimony from the preliminary hearing relative to these witnesses testifying as to the character and nature of the road? To my knowledge, there was not as to the character and nature of the road. I am not the trial counsel. He did that part of it. I don't recall that from the transcript that that was referenced. Would there be any problem here if the trial court did consider that testimony in determining the Lemonade matter? The testimony that? That came about during the preliminary hearing? No. Because, in fact, that would support the defense position. The case law that has been cited by the state stating, and I had just gotten through one prong of the test, whether it's publicly used. The second aspect of that is whether it's publicly maintained. There was no one there from the town of Hyassal that says, yes, for the past X amount of years we plow it whenever it's secondary, it's the last road to be plowed. They can testify with their records. My understanding is it was plowed once in the 66 years of it being a road. That I can't, without the testimony I can't, and the testimony of the defendant of that, I can't prove that. But that is my understanding. The other portion of that is all of the cases that are cited by the state states that maintenance of the roadway is not the only test as to whether it's public or private. And that it can be a strong indication. That came from the case cited by the state, Kinney v. City of Goreville, because the road had been used as a roadway for the public since it was built. Witnesses testified they had used the road and that it had been maintained, that it had been maintained. They'd seen it being maintained by the municipality. Typically in a lemonade hearing, you have the movement saying what it is the movement wants to have precluded from the jury's consideration. And the opponent to the motion would say, well, this is what we anticipate presenting on that issue. Did the state in this case indicate to the trial court what it is that they had in the way of evidence that they were prepared to present in regards to maintenance of the road? The only thing from the record I can conceive is that the engineer for Jersey County testified that he has access to the town of Piasaw records because of some sort of tax money they get. And that the town of Piasaw maintains that road. That's the only thing that was provided as far as I know. There was no documentation provided as to when it is maintained and whether it's plowed as a secondary street or anything like that. The only thing that was provided as far as the document is concerned was the Department of Transportation aerial view that shows that the lines make it a private road. And was it specified what was meant by maintenance? Was it snow removal? It just said maintain the road. And, again, the courts in Illinois have stated that it's not just whether it's maintained. So I'm not conceding that fact. I don't believe that road is maintained by the town of Piasaw. And if it was, it was by mistake one time on snow removal. But even if it was, it's not the only issue. And they have not provided or they did not provide to the court ample evidence that this was publicly maintained by way of, what do they call that, tarring it and, you know, putting things down, maintaining it in that respect. It was just the word maintained by the town of Piasaw was the only thing that they provided with respect to that. This is in the discretion of the trial court. He listened to the evidence and ruled that this is a private road based on what he had in front of him. There was no abuse of discretion with respect to this issue. And if there are no other questions, I'll move on to the second issue. With respect to the prior bad acts, the cases cited by the state, a few of them are sexual offenses by nature. The two statutes that deal with sexual charges as well as domestic charges are controlled by 725 ILCS 5-115-7. Three is for sexual crimes, any sexual type crime. Seven is for, I'm sorry, four is for domestic. Those cases, as he correctly cited in the cases he presented, in a nutshell, it's easier to get bad or prior bad acts into evidence. When you are charged with certain section, under Section 3B, it gives the list of the, for instance, for the sexual crimes, what can be presented. It's much easier to get those in as a prior bad act in that kind of case or in a domestic kind of case. It's also for murder and first degree and second degree murder. With respect to the battery that is here, if the defendant were to testify, people versus, I believe it's people versus Montgomery, a Supreme Court case controls whether or not prior bad acts can come in. And I believe they can go back 10 years for a conviction. This particular case they cited, the state wanted to bring in, I believe it was five, four or five prior bad acts. All of those end up with dismissals. The only one remotely close in the factual basis to this is the one cited by the state where he allegedly spit blood on an officer. That case was dismissed outright. That case was not, he didn't plead to a lesser offense, he didn't get court supervision or probation, it was dismissed. To give that to the jury and say, don't read anything into that, it was dismissed but we're just going to let you see that he's done this before, is more prejudicial than it is probative for the jury. The court, because this also is an abuse of discretion standard, it's discretionary on the court as to whether or not this would be a situation where if it is allowable, and even if it is, for instance, under the two statute for domestic and sexual crimes, the court can still deny bringing those prior bad acts in if the probative value is outweighed by the prejudicial effect. In this particular case, you've got to show the intent or whether it was an accident. If the defendant were to testify, get up and say it was a total accident, I didn't mean to do it, then the state has the opportunity at that point to revisit that issue with the court and state, to raise the motion in limine. Again, the court can reverse that or change his mind and allow that evidence to come in. The motion in limine is not a final order in the sense of you can raise that again at trial. One of the cases cited by both of us in both arguments is Hancock, and the court in Hancock stated that there's no actual prejudice inflicted by the denial of a motion in limine in itself because the ruling is always subject to reconsideration during trial. The same holds true that there's no prejudice inflicted by granting a motion in limine because it can be revisited at trial. So if defendant opens the door to something that has been excluded, it's just like evidence on direct examination. If the judge sustains an objection on bringing certain evidence in, but then somehow the defendant opens the door to that, then he can be cross-examined as to those issues. The same thing is true here. The state's not precluded from bringing that in if they revisit that motion if it needs to be addressed. If the defendant doesn't testify, then these prior bad acts are in there and he has no defense whatsoever. The jury will think what they think. Most likely, he's a bad guy, he's probably guilty of something, so let's just find him guilty. It will confuse the jury. The other portion of this is that all of the charges that the defendant, I'm sorry, the bad acts that the state wants to bring in, I'm not sure if I said this before, they were all dismissals at some point. The only two of them, the defendant was given court supervision and they were dismissed after the period of court supervision ended. I'd like to correct a couple of things from the state's argument. Defendant White did testify that the defendant does not like police officers. Nowhere in the testimony did it say he liked to spit on the officers. That was not in there. He does not like officers and he does not like them on his property. As for the issue of the probable cause, the court held that there was sufficient factual basis for the charges to stand trial. It is important to note, and it's only touched on in the briefs, the state amended the battery charge the day of the motion in limiting, from I believe it was contact to no contact. I'm not sure if it's a lesser battery or not, but they did amend the charge, which made the arguments that there were several other motions that involved that and that motion was allowed by the court to amend the charge. But again, the state can revisit these issues at trial if there is a necessity to do that. Based on the discretionary factor of these, the court, with the evidence that he had at the time of these motions, did not abuse his discretion by granting the defendant's motions in limiting. Thank you. All right, thank you. Mr. Masons. Mr. Court Counsel, I just have three points by way of hopefully clarification. What the trial judge ruled was you cannot, the state cannot introduce evidence about public maintenance. They cannot bring in people to say that the road was maintained by the township or whoever. The state is not arguing anything about being open to the public. The trial judge did not bar the state from bringing in evidence that it was open to the public. Those are the two definitional elements in the highway statute, publicly maintained and open to the public. The trial judge has never said that the state can't say this thing is open to the public. At the time of the hearing, did the state proffer what evidence it would bring to trial on public maintenance? Are you talking about the preliminary hearing or the hearing? Not the preliminary hearing. It wouldn't have been an issue then. Yeah, I guess it would have. I don't recall any evidence being presented at the hearing on the motion in limiting. It was just argument. But there were references to what had occurred by both sides at the preliminary hearing. Mr. Daxton, of course, wants this to be a private roadway. I mean, we went outside the record here with facts. I can't count the time, many times the courts told me that if it's not in the record, it doesn't exist. But the reality is people live in these rural areas and the government comes in and removes the snow occasionally. The government comes in, they call it the oil and ship. The government comes in, fills the potholes. The government comes in, puts in this and puts in that, stop signs. So Mr. Daxton wants it both ways. He wants to be able to say, yeah, you guys go out there and spend all that money and fix that road. But when I'm out there doing a criminal act, then it's my land. So he wants it both ways. Well, the problem is that so far we only have one instance of a snowplow. That's not in the record. She said there's one snowplow. That's nowhere in the record. She says there was only one tax record. That's nowhere in the record. Defy anybody to show me where that's in the record. It's not in the record. The other point I wanted to clarify was that this is a non-event. This doesn't mean anything. Well, I've cited that Denson case. If the judge, we have a trial, and the judge says, I already told you, you cannot bring in evidence about this being publicly maintained, even though the statute says it, where is the recourse for the state? We lose, we're done. They lose, they've got an appeal. That's what Denson says. You have to file a post-trial motion, and the state's not mentioned in there. It's only the defendant. So that's the second thing I wanted to clarify. And the other thing was these things that are outside the record. This morning, a woman was drug around the courthouse in handcuffs. It wasn't in the record. Now we've got somebody saying, well, they only got one tax record. That's not in the record. They only removed the snow once in 48 years. That's not in the record. Any other questions? I don't think so. All right. Thank you, counsel. Thank you both. The case will be taken under advisement and a written decision. Shall this court stand in recess?